IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01299-PAB

ERWIN ELSTON HOWARD,

    Plaintiff,

v.

WERNER CO., a Delaware Corporation,
NEW WERNER HOLDING CO., INC., a Delaware Corporation,
R.D. WERNER CO., INC., a Pennsylvania Corporation,
WERNER CO., a Pennsylvania Corporation,
OLD LADDER CO., a Pennsylvania Corporation,
WERNER HOLDING CO. (DE), INC., a Delaware Corporation,
WERNER HOLDING CO. (PA), INC., a Pennsylvania Corporation,
WERNER (FID) CO, INC., a Pennsylvania Corporation,
WIP TECHNOLOGIES, INC., a Delaware Corporation, and
HOME DEPOT U.S.A., INC.,

    Defendants.
_____

# ORDER
_____

This matter comes before the Court on Defendant [sic] New Werner Holding Company (DE) Inc. & Werner Co.'s Motion to Dismiss with Prejudice Erwin Elston Howard's Claims for Failure to Prosecute [Docket No. 47] and Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss with Prejudice Erwin Elston Howard's Claims for Failure to Prosecute [Docket No. 48]. Defendants request that the Court dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 41(b). Docket No. 47 at 2, ¶ 1. On November 19, 2015, plaintiff filed this case in the District Court for the City and County of Denver. Docket No. 3 at 2. On April 22, 2016, plaintiff's former counsel filed a motion to withdraw, which was granted on April 27, 2016. Docket Nos. 47-1 at 2; Docket No. 1-

32. Plaintiff represents himself in this case. *See, e.g.*, Docket No. 34. On May 27, 2016, defendant Home Depot U.S.A., Inc. removed the case to this Court. Docket No. 1. On July 7, 2016, Magistrate Judge Michael E. Hegarty administratively closed this case, reminded the parties that they would have to move to reopen the case for it to proceed, and ordered monthly status reports on the parties' ongoing investigations and settlement negotiations. *See* Docket No. 37. On July 13, 2016, this case was reassigned. Docket No. 43.

Defendants New Werner Holding Company (DE) Inc. & Werner Co. (the "Werner defendants") attached to their motion emails that defense counsel exchanged with plaintiff regarding the status of the case. On April 21, 2017, defense counsel stated that the parties were "too far apart money wise to get this settled." Docket No. 47-7 at 1. Defense counsel informed plaintiff that, if he "want[ed] to proceed with the lawsuit, . . . we need to notify the Court that we have been unable to reach a settlement agreement, and the case should probably become active again." *Id*. Defense counsel offered to "prepare a notice for the Court [to reopen the case] that you can review before I file it." *Id*. On October 12, 2017, plaintiff stated in an email to defense counsel that he did wish to proceed with this lawsuit. Docket No. 47-9.

On November 28, 2017, the Werner defendants filed their motion to dismiss. Docket No. 47. On February 9, 2018, defendant Home Depot U.S.A., Inc. filed its motion to dismiss, essentially joining the Werner defendants' motion. Docket No. 48 at 2, ¶¶ 2-4. Plaintiff did not respond to the motions. On July 2, 2018, the Court entered a minute order noting that, despite the two motions, "no party has moved to reopen this case, which is administratively closed." Docket No. 49 at 1. The Court reopened the

case, deemed defendants' motions to dismiss filed as of July 2, 2018, and set a July 20, 2018 deadline for plaintiff to respond to the motions to dismiss. *Id*. On July 18, 2018 plaintiff filed a response, stating in full:

> 1. It has always been my full intention to proceed with this case.
>
> 2. Furthermore, I did not receive emails/documents or otherwise regarding this case. Upon receiving the latest documents that were filed on 7-02-2018, I did check my "inbox" to no avail. I did check my Spam folder and the documents were located there.
>
> 3. As stated again, it is my full intention to proceed with this case and to recover all medical reimbursements and loss of wages.

Docket No. 50. Plaintiff has not otherwise filed any response to the motions to dismiss or filed any other papers.

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute . . ., a defendant may move to dismiss the action or any claim against it." In considering whether to dismiss a case as a sanction, courts consider factors including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

The Court finds that each factor favors dismissal. Under the first and second factors, leaving this inactive, unresolved case on the docket is prejudicial to defendants and interferes with the Court's management of its docket. Under the third and fourth factors, plaintiff is responsible for prosecuting his case, but he has done nothing to do so despite a warning from Magistrate Judge Hegarty, reminders from defendants that

he would need to act to reopen the case, motions to dismiss for lack or prosecution, and the Court's July 2, 2018 order for him to respond to the motions. Plaintiff's response to defendants' motions does not address defendants' arguments that dismissal is warranted. Instead, it merely states plaintiff's intention to "proceed." In light of the two years between the administrative closure of this case and plaintiff's non-substantive response to the motions to dismiss, the Court finds that dismissal is warranted as a sanction.[1] Although plaintiff claims that he intends to "proceed," plaintiff has not done so for years. His failure to address the grounds for the motions to dismiss demonstrates that plaintiff either is unwilling to participate or unable to rebut the basis for the motions. Either ground is a reason to dismiss this action. Therefore, the Court will grant defendants' motions and dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 41(b).

Accordingly, it is

**ORDERED** that Defendant [sic] New Werner Holding Company (De) Inc. & Werner Co.'s Motion to Dismiss with Prejudice Erwin Elston Howard's Claims for Failure to Prosecute [Docket No. 47] and Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss with Prejudice Erwin Elston Howard's Claims for Failure to Prosecute [Docket No. 48] are **GRANTED**.

---

[1] Plaintiff's statement that he found the relevant documents in his spam folder shows ongoing neglect in prosecuting the case. See Docket No. 50. He has previously noted that case-related emails were appearing in his spam folder, but apparently has taken no precautions to avoid this reoccurring. See Docket No. 47-9 ("I don't [sic] understand why this message came through in my spam folder.")

**ORDERED** that, pursuant to Fed. R. Civ. P. 41(b), this case is dismissed with prejudice and judgment shall enter in favor of defendants and against plaintiff on each of plaintiff's claims.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

DATED September 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge